# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BENNY F. MARTIN, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-CV-617-GKF-FHM |
| | ) |
| STEVE TOLIVER, Sheriff; | ) |
| RICK ISHMAEL, Undersheriff; | ) |
| KELLY BIRCH, Captain; | ) |
| LT. MATTHEWS; | ) |
| GINA HUTCHISN, Chief of Security; | ) |
| D.O. BARNETT; CREEK COUNTY | ) |
| JAIL ADMINISTRATION, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On September 28, 2010, Plaintiff, a prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). By Order filed October 4, 2010 (Dkt. # 4), the Court granted Plaintiff's motion to proceed *in forma pauperis* and advised him that he would be responsible for payment of the $350 filing fee in monthly installments. Parts of his complaint were dismissed for failure to state a claim. Id. In addition, the Court determined that certain defendants were subject to being dismissed based on Plaintiff's failure to state a claim upon which relief may be granted. Id. However, Plaintiff was afforded the opportunity to file an amended complaint to cure the identified deficiencies.

On October 21, 2010, Plaintiff filed his amended complaint (Dkt. # 8). Upon careful review of the amended complaint, the Court finds it shall be dismissed for failure to state a claim upon which relief may be granted.

**A. Screening**

As advised in the prior Order, see Dkt. # 4, federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See § 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

**B. Plaintiff's claim**

The allegations contained in the amended complaint are, in large part, repetitive of those contained in the original complaint. In his amended complaint (Dkt. # 8), Plaintiff identifies one (1) claim, as follows:

> Count 1: On Aug. 27, 2010, I was assaulted, a direct result of the officers and administration of Creek County Criminal Justice Center retaliating in an act of prejudice against me due to the lawsuit [Case # 09-CV-670-GKF-TLW] that I filed against them. I have already experienced serious physical, and sincerely believe my life is in imminent danger.

(Dkt. # 8). In support of his claim, Plaintiff alleges that while he was asleep in his cell, the detention officer working the "door controls," identified as Defendant D.O. Barnett, opened his cell door electronically. See Dkt. # 8. He alleges that the sound of the opening door lock awakened him, but that before he opened his eyes, he was assaulted by an unknown assailant causing severe injury to his face and body. Id. He further states that "the officers on duty were magnanimous in there [sic] actions for the next 24 hours." Id. Plaintiff claims that "after finaly [sic] being taken to medical," he "was denied the proper tests and procedures" by the jail's medical staff and that "the entire administration tried to keep this incident quiet." In his request for relief, Plaintiff asks that "my medical bills, fines and court/jail cost be paid and Habeas Corpus, see Muhammad v. Close, 2004,

3

124 S.Ct. 1303, as actual dameges [sic], and maximum dollar amount allowed by law be awarded me as punitive damages." Id.

"[P]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights . . . . [However,] [a]n inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Fogle v. Pierson, 435 F.3d 1252, 1263-64 (10th Cir. 2006) (quoting Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998)); see also Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990). For example, a plaintiff must demonstrate that his pursuit of administrative or judicial remedies was the "but for" cause of the retaliatory action. See Purkey v. Green, 28 Fed.Appx. 736, 746 (10th Cir. 2001) (unpublished) (citing Peterson, 149 F.3d at 1144). "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990).

In this case, Plaintiff has set forth only conclusory allegations of retaliation. His allegations are, at most, speculative. While he undeniably engaged in protected activity in filing a civil rights complaint, that alone does not establish the requisite causal connection for his retaliation claim. He fails to make any allegation of fact supporting a claim that his filing of a civil rights complaint in N.D. Okla. Case No. 09-CV-670-GKF-TLW[1] was the "but for" cause of the alleged retaliatory action. Cf. Fogle, 435 F.3d at 1263 (finding arguable basis for retaliation claim where plaintiff alleged that in response to his complaints about placement in segregation and threats to file suit, a

---

[1] The Court notes that on January 7, 2010, or more than 8 months before the filing of the instant complaint, the complaint filed in Case No. 09-CV-670-GKF-TLW was dismissed without prejudice, prior to service, for failure to state a claim upon which relief may be granted.

4

DOC official told him "that if he did not stop complaining he would be transferred to long-term administrative segregation at another facility," plaintiff did not stop complaining, and he was subsequently transferred). Any link between Plaintiff's filing of a civil rights complaint and the alleged retaliatory conduct is merely speculative. The Court finds Plaintiff's complaint shall be dismissed for failure to state a claim upon which relief may be granted.

The Court further finds that Plaintiff's complaint fails to state a claim as to any defendant named only in his or her capacity as a supervisor. As explained in the prior Order, see Dkt. # 4, Plaintiff's allegation that the "entire administration tried to keep this incident quiet," see Dkt. # 1, and repeated in Dkt. # 8, is overbroad, conclusory, and insufficient to state a claim. Plaintiff names these defendants based solely on their positions as supervisors. However, under § 1983, a defendant may not be held liable based on the theory of respondeat superior. See Worrell v. Henry, 219 F.3d 1197, 1214 (10th Cir. 2000); Gagan v. Norton, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994). Instead, to establish supervisory liability, a plaintiff must show that "an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Worrell, 219 F.3d at 1214 (quoting Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988) (quotation omitted) (alternation in original)); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996); McClelland v. Facteau, 610 F.2d 693, 696 (10th Cir. 1979).

In his amended complaint, Plaintiff makes no allegation affirmatively linking any defendant to the alleged retaliation. Instead, he asserts that defendants are liable because as jail administrators, they "tried to keep this incident quiet." Without further factual allegations suggesting personal participation or an affirmative link to the constitutional deprivation at issue, Plaintiff's claim fails to state a claim upon which relief may be granted.

5

Also, to the extent Plaintiff complains that he received inadequate medical care following the incident on August 27, 2010, the Court finds the factual allegations to be insufficient to state a claim upon which relief may be granted. In order for a prisoner to prevail under 42 U.S.C. § 1983 on a claim of medical mistreatment, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Green v. Branson, 108 F.3d 1296, 1303 (10th Cir. 1997). The deliberate indifference standard has two components:

> an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind. With regard to the subjective component, allegations of inadvertent failure to provide adequate medical care or of a negligent diagnosis simply fail to establish the requisite culpable state of mind.

Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991) (citations and quotations omitted). Claims of medical negligence in a diagnosis or choice of therapy are not actionable under § 1983. See Green, 108 F.3d at 1303. Stated another way, "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." Perkins v. Kan. Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999); see also Estelle, 429 U.S. at 106; Self v. Crum, 439 F.3d 1227 (10th Cir. 2006). "[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Oxendine v. Kaplan, 241 F.3d 1272, 1277 n.7 (10th Cir. 2001) (internal citations and quotation marks omitted).

In this case, Plaintiff acknowledges that he received medical treatment for his injuries, but complains that he was "denied the proper tests and procedures [] needed for my injuries." See Dkt. # 8. Those allegations are insufficient to satisfy the subjective component of the deliberate indifference standard. Although he received medical treatment, it appears that he simply disagrees

with the course of treatment provided. To the extent Plaintiff complains that he did not receive prompt medical care for his injuries, the complaint, as amended, fails to state a claim because Plaintiff has not alleged that he suffered harm as a result of the delay in treatment. Oxendine, 241 F.3d at 1276 (holding that a delay in medical care only constitutes a constitutional violation where the plaintiff can show that the delay resulted in substantial harm). Thus, to the extent Plaintiff claims he received constitutionally inadequate medical care, his claim is dismissed for failure to state a claim upon which relief may be granted.

In addition, despite the Court's prior ruling that habeas corpus relief is unavailable in this 42 U.S.C. § 1983 action, Plaintiff has again requested habeas corpus relief. In his amended complaint, he cites Muhammad v. Close, 540 U.S. 749 (2004), in support of his request. Plaintiff's reliance on Muhammad is misplaced. In Muhammad, the Supreme Court held that under the facts of that case, the prisoner's request for money damages in a civil rights action was not precluded by Heck v. Humphrey, 512 U.S. 477 (1994), because a judgment in favor of the plaintiff did not necessarily imply the invalidity of his conviction. Muhammad does not stand for the proposition that habeas corpus relief is available in a civil rights action.

Plaintiff was incarcerated when he commenced this action and he has been granted leave to proceed *in forma pauperis*. In addition, his amended complaint fails to state a claim upon which relief may be granted. The dismissal of the amended complaint is pursuant to 28 U.S.C. § 1915(e)(2)(B) and counts as Plaintiff's second[2] "prior occasion" under 28 U.S.C. § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil

---

[2]As discussed above, Plaintiff's prior civil rights action, N.D. Okla. Case No. 09-CV-670-GKF-TLW, was dismissed for failure to state a claim upon which relief may be granted and counted as Plaintiff's first "prior occasion" under 28 U.S.C. § 1915(g).

7

action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

In summary, Plaintiff's conclusory allegations of retaliation are insufficient to state a claim upon which relief may be granted and his amended complaint does not cure the previously identified deficiencies. Therefore, Plaintiff's amended complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. Lastly, Plaintiff remains obligated to pay the full $350 filing fee in monthly installments.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The civil rights complaint (Dkt. # 1), as amended (Dkt. # 8), is **dismissed without prejudice** based on Plaintiff's failure to state a claim upon which relief may be granted.

2. The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's **second** "prior occasion" for purposes of 28 U.S.C. § 1915(g).

3. Plaintiff remains obligated to pay the full $350 filing fee in monthly installments.

DATED THIS 21st day of April, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma